# Exhibit A

Filing # 94723170 E-Filed 08/24/2019 10:06:55 PM

T143655

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

BRITTANY SIRMONS,

    Plaintiff,

v.   Case Number: 19-CA-8817   DIV I

SAILORMEN, INC. dba POPEYES,

    Defendant.

_____/

8/26/19 Time 1.08p
MOG  No. 243
is a certified process server in the
Circuit and County Courts
in and for the Second Judicial Circuit

## Summons

To:    SAILORMEN, INC
    3458 LAKESHORE DRIVE
    TALLAHASSEE, FL 32312

**YOU ARE HEREBY SUMMONED** and required to serve on Plaintiff's Attorney

    Kyle Lee, Esq.
    1971 West Lumsden Road
    Suite 303
    Brandon, Florida 33511

an answer to the complaint which is served upon you with this summons, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

PAT FRANK                             08/27/19
_____             _____
Clerk                                  Date

V Phillips
_____
(By) Deputy Clerk

**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION**

**BRITTANY SIRMONS,**

    **Plaintiff,**

                                            Case Number:

**v.**

**SAILORMEN, INC. dba POPEYES,**

    **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    1.    Plaintiff, Brittany Sirmons, by and through her undersigned counsel, brings this action for recovery a of unpaid wages, and other relief under the Florida Minimum Wage Act ("FMWA").

    2.    Defendant is a domestic, for-profit corporation headquartered in Miami, Florida.

    3.    In or about 2013, Plaintiff became employed by Defendant as an hourly, non-exempt employee in Defendant's facility located in Hillsborough County, Florida.

    4.    In or about 2016, Defendant changed Plaintiff's title to "assistant manager" and Plaintiff continued to work in Defendant's facility located in Hillsborough County, Florida.

    5.    Despite Plaintiff's hollow title, Plaintiff performed manual labor duties for Defendant and lacked the authority to hire, fire, determine pay rates, create schedules, create a budget, or create company policy.

    6.    Further, Plaintiff lacked the ability to recommend terminations.

7. Although Defendant changed Plaintiff's title to "assistant manager," Plaintiff continued to perform manual labor including, but not limited to, washing dishes, removing trash, preparing chicken, operating the cash register, cleaning the floors, and cleaning the restrooms.

8. Plaintiff's duties as an "assistant manager" were the same and unchanged from her previous position with Defendant, when she was employed as a non-exempt store associate.

9. In an attempt to circumvent the laws established in the FMWA and the regulations set forth in the Code of Federal Regulations, Defendant engaged in an illegal scheme of intentionally misclassifying Plaintiff as an exempt employee and Defendant paid Plaintiff on a salary basis.

10. More than 80% of Plaintiff's normal daily duties comprised of manual labor tasks.

11. Plaintiff regularly worked more than 40 hours in a single workweek during her employment with Defendant.

12. Indeed, Plaintiff often worked 48 hours or more in a single week during her employment with Defendant.

13. Despite Plaintiff's normal practice of working more than 40 hours in a single workweek, Defendant refused, failed, or neglected to pay Plaintiff premium, overtime wages for all hours worked beyond 40 in a single workweek.

14. Instead, Defendant paid Plaintiff on a salary basis, without regard to the actual hours worked by Plaintiff.

15. Defendant was aware that Plaintiff worked more than 40 hours in a single week. In fact, Defendant instructed and ordered Plaintiff to work more than 40 hours in a single workweek.

16. Defendant failed to keep records of all hours worked by Plaintiff as required by 29 C.F.R. 516.

17. As of this date, Plaintiff has still not been paid the entirety of her wages and has not been compensated for the full extent of her damages and wage loss under the FMWA.

18. Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct of purposefully and intentionally classifying Plaintiff as an exempt employee and refusing to pay Plaintiff premium wages for those hours worked beyond 40 in a single workweek.

19. Defendant's refusal to pay Plaintiff premium wages for all overtime hours worked was a calculated effort to extract work and effort from Plaintiff without compensating her in accordance with the law.

20. Defendant is a for profit corporation that operate and conduct business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

21. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). Plaintiff performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the fast food industry. Defendant deals with interstate banks, customers, products, goods, materials,

and uses computers and credit cards and data transmission lines. This also would include using materials and other resources that do not originate within the State of Florida.

22. This action is brought under the FMWA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

23. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, Florida.

24. At all material times relevant to this action, Defendant was an enterprise covered by the FMWA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the hotel industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

25. At all material times relevant to this action, Plaintiff in her capacity as an employee was individually covered by the FMWA. This would include to doing hourly work as a laborer, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant in any way. Plaintiff did not implement legal compliance measures.

26. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions was made by Defendant to properly pay Plaintiff for all hours worked during her employment. Plaintiff worked over 40 hours most weeks of her employment with Defendant. The off the clock work that Plaintiff performed was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of Defendant, who then refused to pay Plaintiff premium wages. Notably, Defendant is in exclusive possession of the *majority* of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that she routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

27. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's true hours of work.

### COUNT I – RECOVERY OVERTIME WAGES COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27, above.

29. Plaintiff was employed by Defendant.

30. Plaintiff regularly worked more than 40 hours in a single week while employed by Defendant.

31. Defendant was aware that Plaintiff regularly worked more than 40 hours in a single workweek while employed by Defendant.

32. Defendant refused, failed, or neglected to pay Plaintiff premium wages for all hours worked beyond 40 in a single week

33. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff their correct rate of pay for each hour worked work week in one or more workweeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

34. As a result of Defendant's willful violation of the FMWA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as minimum wages liquidated damages under the FMWA.

35. No exceptions or exemptions under the FMWA apply to Plaintiff.

36. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of wages and liquidated damages, together with costs and attorney's fees pursuant to the FMWA, and such other further relief as this Court deems just and proper.

DATED this 24th day of August 2019,

                                    **/s/ W. John Gadd**

                                    W. John Gadd
Fl Bar Number 463061
**Bank of America Building**
2727 Ulmerton Rd. Ste. 250
Clearwater, FL 33762
Tel – (727)524-6300
Email – wjg@mazgadd.com

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC

6

1971 West Lumsden Road, Suite 303
Brandon, Florida 33511fwas
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
*Attorney for Plaintiff*

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.  CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>THIRTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>HILLSBOROUGH</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Brittany Sirmons</u>
Plaintiff
           vs.
<u>Sailormen, Inc.</u>
Defendant

**II.  TYPE OF CASE**

- ☐ Condominium
- ☒ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☐ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☐ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III. REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☒ Non-monetary declaratory or injunctive relief;
    ☒ Punitive

**IV. NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

1

**V. IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ Yes
    ☒ No

**VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ No
    ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII. IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ Yes
    ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Kyle James Lee    FL Bar No.: 0105321
    Attorney or party                                              (Bar number, if attorney)

Kyle James Lee    08/24/2019
(Type or print name)                                                     Date

IN THE THIRTEENTH JUDICIAL CIRCUIT OF THE
STATE OF FLORIDA, IN AND FOR HILLSBOROUGH COUNTY

BRITTANY SIRMONS                          CASE NO.: _____

_____         DIVISION: _____

Plaintiff/Petitioner(s)

vs.

SAILORMEN, INC.

_____

Defendant/Respondent(s)

## REQUEST FOR DIVISION ASSIGNMENT

This is a request based on local Administrative Order(s) for the Clerk of the Court to assign the above styled case in the:

[✔] **Tampa Division**

[ ] **East Division**

[ ] **Prior Division** (Please indicate Case Number and Division of previously filed action: _____ )

I understand that the actual division assignment will be in accordance with the **Hillsborough County Administrative Orders**. If there is no supported request for specific division assignment, this action will be assigned a division based on a random and equitable distribution system.

**Name of Attorney:** KYLE LEE, ESQ.

**Address:** 1971 WEST LUMSDEN ROAD, SUITE 303

BRNADON, FLORIDA 33511

**Phone Number:** 813.343.2813.

**Email Address(es):** KYLE@KYLELEELAW.COM

Filing # 95113691 E-Filed 09/03/2019 04:09:33 PM

# VERIFIED RETURN OF SERVICE

Job # T193655

**Client Info:**

Lee Law, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511

**Case Info:**

| **PLAINTIFF:** | CIRCUIT COURT |
|---|---|
| Brittany Sirmons | Court Division: CIVIL |
| -versus- | |
| **DEFENDANT:** | County of Hillsborough, Florida |
| Sailormen, Inc. d/b/a Popeyes | Court Case # 19-CA-8817 |

**Service Info:**

**Date Received by ACCURATE SERVE FL:** 8/28/2019 at 02:20 PM
**Service:** I Served **Sailormen, Inc.**
**With: Summons; Complaint and Demand for Jury Trial; Interrogatories and Request to Produce**
by leaving with **Jennifer Carden, REGISTERED AGENT CLERK**

**At Residence 3458 LAKESHORE DRIVE TALLAHASSEE, FL 32312**
On **8/29/2019** at **01:08 PM**
**Manner of Service: CORPORATE**
CORPORATE SERVICE: F.S. 48.081 (1)(a)(b)(c)(d), (2) or (3)

I **MARY GREEN** acknowledge that I am authorized to serve process, in good standing in the jurisdiction wherein the process was served and I have no interest in the above action. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

**MARY GREEN**
Lic # **243**

**ACCURATE SERVE FL**
P.O. BOX 5141
Lakeland, FL 33807

Client # 25493
Job # T193655

 

1 of 1

9/3/2019 4:09 PM Electronically Filed: Hillsborough County/13th Judicial Circuit Page 1