UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTNEY SIRMONS,

    Plaintiff,

v.                                             CASE NO.  8:19-cv-2309-T-23-SPF

SAILORMEN, INC.,

    Defendant.

_____/

**DEFENDANT SAILORMEN, INC.'S ANSWER AND AFFIRMATIVE DEFENSES**

    Defendant, Sailormen, Inc., d/b/a Popeye's Louisiana Kitchen ("Sailormen"), answers the corresponding numbered paragraphs of Plaintiff's Complaint and denies each and every allegation set forth therein, except as admitted as follows:

    1.    Sailormen admits that Plaintiff purports to assert a claim for unpaid wages under the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.10, but denies that she has a valid claim.

    2.    Sailormen admits the allegations contained in paragraph 2 of the Complaint.

    3.    Sailormen admits that Plaintiff began working as an hourly employee at one of its stores in Hillsborough County in 2014.  Sailormen denies the remaining allegations contained in paragraph 3 of the Complaint.

    4.    Sailormen admits that Plaintiff was promoted to Assistant Manager in December 2016 and continued working at one of Sailormen's stores in Hillsborough County.  Sailormen denies the remaining allegations contained in paragraph 4 of the Complaint

    5.    Sailormen denies the allegations contained in paragraph 5 of the Complaint

    6.    Sailormen denies the allegations contained in paragraph 6 of the Complaint.

7. Sailormen denies the allegations contained in paragraph 7 of the Complaint as written. Sailormen admits that Plaintiff occasionally performed some of the job duties listed in paragraph 7 of the Complaint.

8. Sailormen denies the allegations contained in Paragraph 8 of the Complaint.

9. Sailormen denies the allegations contained in Paragraph 9 of the Complaint.

10. Sailormen denies the allegations contained in Paragraph 10 of the Complaint.

11. Sailormen denies the allegations contained in Paragraph 11 of the Complaint as written. Sailormen admits that Plaintiff worked more than 40 hours in some weeks during her employment, and asserts that when she was not a manager, Plaintiff was paid overtime for all hours over 40 in a workweek. Sailormen denies all remaining allegations and implications set forth in paragraph 11 of the Complaint.

12. Sailormen denies the allegations contained in paragraph 12 of the Complaint as written. Sailormen admits that Plaintiff may have worked more than 48 hours in some weeks during her employment. Sailormen denies all remaining allegations and implications set forth in paragraph 12 of the Complaint.

13. Sailormen admits that Plaintiff was neither paid nor entitled to be paid overtime while she was employed as an Assistant Manager. Sailormen denies all remaining allegations and implications set forth in paragraph 13 of the Complaint.

14. Sailormen admits that Plaintiff was paid on a salary basis while she was employed as an Assistant Manager. Sailormen denies all remaining allegations contained in paragraph 14 of the Complaint.

15. Sailormen denies the allegations contained in Paragraph 15 of the Complaint as written. Sailormen admits that Plaintiff worked more than 40 hours in some weeks during her

employment. Sailormen denies all remaining allegations and implications set forth in paragraph 15 of the Complant.

16. Sailormen denies the allegations contained in paragraph 16 of the Complaint.

17. Sailormen denies the allegations contained in paragraph 17 of the Complaint.

18. Sailormen denies the allegations contained in paragraph 18 of the Complaint.

19. Sailormen denies the allegations contained in paragraph 19 of the Complaint.

20. Sailormen admits the allegations contained in paragraph 20 of the Complaint.

21. Sailormen admits that it was Plaintiff's employer within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* To the extent paragraph 21 of the Complaint is intended to have further implications, Sailormen denies all remaining allegations and implications.

22. Sailormen acknowledges that Plaintiff purports to assert a claim for unpaid overtime, liquidated damages, and reasonable attorneys' fees and costs under the FMWA, but denies that Plaintiff has stated a claim under the FMWA because that statute does not require overtime pay.

23. Sailormen admits the allegations contained in paragraph 23 of the Complaint.

24. Sailormen admits that it is subject to the provisions of the FLSA and FMWA. To the extent paragraph 24 of the Complaint is intended to have further implications, Sailormen denies all remaining allegations and implications.

25. Sailormen admits that Plaintiff is a former employee who was covered under the FMWA and FLSA during her employment. Sailormen denies all remaining allegations contained in paragraph 25 of the Complaint.

26. Sailormen denies the allegations contained in paragraph 26 of the Complaint.

27. Sailormen denies the allegations contained in paragraph 27 of the Complaint.

28. In response to paragraph 28 of the Complaint, Sailormen incorporates its responses to paragraphs 1 through 27 above.

29. Sailormen admits the allegations contained in paragraph 29 of the Complaint.

30. Sailormen denies the allegations contained in paragraph 30 of the Complaint as written. Sailormen admits that Plaintiff worked more than 40 hours in some weeks during her employment. Sailormen denies all remaining allegations and implications contained in paragraph 30 of the Complaint.

31. Sailormen denies the allegations contained in paragraph 31 of the Complaint as written. Sailormen admits that it was aware that Plaintiff worked more than 40 hours in some weeks during her employment. Sailormen denies all remaining allegations and implications contained in paragraph 31 of the Complaint.

32. Sailormen denies the allegations contained in paragraph 32 of the Complaint.

33. Sailormen denies the allegations contained in paragraph 33 of the Complaint.

34. Sailormen denies the allegations contained in paragraph 34 of the Complaint. Sailormen also denies that Plaintiff is entitled to any judgment or relief in connection with the claims she purports to assert in this action.

35. Sailormen denies the allegations contained in paragraph 35 of the Complaint.

36. Sailormen acknowledges that Plaintiff requests a trial by jury, but denies that she is entitled to one.

37. Sailormen denies that Plaintiff is entitled to any judgment or relief in connection with the claims she purports to assert in this action, including the items of relief set forth in the prayer of her Complaint.

**AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim for relief under the FMWA.

2. Plaintiff fails to state a claim for relief under the recordkeeping requirements of the FLSA.

3. While she worked as an Assistant Manager, Plaintiff was exempt from the overtime provisions of the FLSA under 29 U.S.C. § 213(a)(1).

4. Sailormen did not willfully violate any provisions or sections of the FLSA or FMWA. Therefore, Sailormen may not be assessed with liquidated damages, even if the Court finds that it violated the FLSA or FMWA. Sailormen denies that it bears the burden of proving the foregoing defense. However, out of an abundance of caution, Sailormen has asserted this defense affirmatively to avoid any possibility of waiving same.

5. Plaintiff's claims are barred, in whole or part, by the applicable statutes of limitations.

6. Sailormen acted in good faith in its pay practices and did not willfully violate any provision or section of the FLSA or FMWA.

7. Plaintiff lacks standing to assert a claim for alleged FLSA recordkeeping violations.

8. Sailormen reserves the right to assert further affirmative defenses as they become evident through discovery or further investigation.

WHEREFORE, Sailormen prays that Plaintiff's Complaint be dismissed with prejudice, that Sailormen recover costs expended on its behalf, including attorneys' fees, and that Sailormen have such other and further relief, at law and in equity, to which it may show itself justly entitled. Date: September 23, 2019.

        Respectfully submitted,

        **PHELPS DUNBAR LLP**

BY:   */s/ Raquel Ramirez Jefferson*
        Raquel Ramirez Jefferson
        Florida Bar No. 103758
        100 South Ashley Drive, Suite 2000
        Tampa, Florida  33602-5311
        Phone: (813) 472-7550
        Fax: (813) 472-7570
        Raquel.jefferson@phelps.com

        **ATTORNEY FOR DEFENDANT, SAILORMEN, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2019 a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will serve a copy on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

        */s/ Raquel Ramirez Jefferson*
        Attorney